785 P.2d 685

**Virgil E. HARTER,
Plaintiff–Respondent,**

v.

**PRODUCTS MANAGEMENT CORP., a corporation, Defendant,**

and

**Douglas G. Gorman,
Defendant–Appellant.**

No. 17526.

Court of Appeals of Idaho.

Jan. 8, 1990.

Vernon K. Smith, Boise, for defendant-appellant.

Skinner, Fawcett & Mauk, Boise, for plaintiff-respondent. Charles W. Fawcett argued.

**122**

WALTERS, Chief Judge.

This is an appeal from an order refusing to grant relief under I.R.C.P. 60(b)(4) from a judgment rendered against the appellant, Douglas Gorman. We affirm.

In 1986, judgment was entered in favor of the respondent, Virgil Harter, against Products Management Corporation (PMC) and Douglas Gorman. The judgment granted recovery of the balance due Harter as the vendor of a parcel of land previously sold on contract to PMC. Gorman had guaranteed payment and performance of the contract by PMC. Approximately one year after the judgment was entered, Gorman filed a motion under I.R.C.P. 60(b)(4) to reopen or to set aside the judgment. The court denied Gorman's motion on the ground that it had not been filed within a reasonable time as required by Rule 60(b).

■ In his motion, Gorman asserted only that the judgment had been entered as a default judgment and was void because it differed in kind from the relief sought in the prayer of Harter's complaint.[1] In considering Gorman's motion, the district court determined that the judgment was not based upon a default order. Rather, the court concluded that the judgment was based upon admissible evidence presented at trial of which Gorman had notice, and of which Gorman had a full opportunity to appear and to contest the claims against him.[2] Because of the trial proceeding, the court in essence concluded that the prohibition in I.R.C.P. 54(c)—against entering judgment by default different in kind from

or exceeding the amount prayed for in a demand for judgment—was inapplicable. Instead, the court determined that it was required to grant to Harter the relief which the evidence demonstrated he was entitled—a showing that Gorman had defrauded Harter. The court's decision was consistent with the second provision of I.R.C.P. 54(c), which mandates that every final judgment shall grant the relief to which the prevailing party is entitled. *See Cady v. Pitts*, 102 Idaho 86, 625 P.2d 1089 (1981). The court also determined that it had jurisdiction over the parties and the subject matter of the action. Then, because Gorman evidently had presented no explanation why his motion for relief was not filed until almost a year after the judgment, the court held that Gorman's motion was untimely since there was no showing that the motion was filed within a reasonable time. With this holding, we agree.

■ Rule 60(b) requires that a motion for relief from a judgment must be made within a reasonable time. The record on appeal in this case contains no affidavit or other showing presented to the district court to establish the timeliness of Gorman's motion. The absence of such information limits our review of the trial court's decision that the motion was not timely brought, since there is nothing from which we could conclude that the trial court could have found otherwise. We will not presume error from a silent record. *Schneider v. Curry*, 106 Idaho 264, 678 P.2d 56 (Ct.App.1984).

---

1. Although the monetary award in the judgment was within the amount prayed for in Harter's complaint, the judgment recited that Gorman's liability was predicated upon his guarantee of PMC's obligation and by virtue of fraud committed by Gorman with respect to that obligation. No allegation of fraud was contained in Harter's complaint; however, according to the trial court's corrected findings of fact and conclusions of law issued upon denial of Gorman's Rule 60(b) motion, the fraud determination was based upon evidence submitted in a proceeding before the trial court to establish Harter's right to a judgment. Other than the reference to fraud as an additional basis for the judgment, no award beyond that premised upon the guarantee was afforded Harter as a result of the fraud claim.

2. The record shows that an answer to Harter's complaint had been filed by an attorney on Gorman's behalf. Before trial, the attorney had been permitted to withdraw from representing Gorman. A pretrial order, referencing the order setting the date for trial of the matter, was mailed by the court to the same address used by Gorman's counsel to notify Gorman of the attorney's withdrawal. Gorman did not appear in person or through new counsel at the trial. The record contains no order taking default against Gorman; nor does the record contain any assertion by Gorman that he was unaware of the scheduled trial or unaware that his attorney had withdrawn prior to trial.

The order denying relief from the judgment on the ground that Gorman's motion was untimely filed is affirmed. Costs and attorney fees on appeal to the respondent, pursuant to the real estate purchase contract between the parties, in amounts to be determined under I.A.R. 41.

SWANSTROM, J., and BENGTSON, J., Pro Tem., concur.