824 P.2d 131

The **EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES,** a New York corporation, Plaintiff,

and

**Rodney A. Frisby and Maureen Frisby, husband and wife, Plaintiffs–Respondents,**

v.

**Dwaine D. CLAPIER and Hyla M. Clapier, husband and wife, Defendants–Appellants.**

No. 18361.

Court of Appeals of Idaho.

Oct. 31, 1991.

Rehearing Denied Dec. 11, 1991.

Order Denying
Petitions for Rehearing Dec. 11, 1991.

Petition for Review Denied Feb. 12, 1992.

Rehearing Denied June 8, 1992.

Petitions for Review and Supplemental Review Denied Aug. 26, 1992.

Hyla M. (argued) and Dwaine D. Clapier, pro se.

Manweiler, Bevis & Cameron, Boise, for plaintiffs-respondents. David D. Manweiler, argued.

SWANSTROM, Judge.

Dwaine and Hyla Clapier appeal from a district court's order denying their July 26, 1989, motion to set aside a sheriff's sale which was held on November 6, 1987. The real property of the Clapiers, located in Payette County, Idaho, was sold at a mortgage foreclosure sale to satisfy a debt to Equitable Life Assurance Society of the United States. Rodney and Maureen Frisby are—for the purposes of this action—the successors to Equitable's interest.[1] The Clapiers allege numerous irregularities in the sale, and they contest the court's ruling that their motion was untimely. We affirm the order of the district court.

In April, 1987, when the Clapiers defaulted on the payment of a promissory note secured by a mortgage to Equitable, Equitable filed a foreclosure action in the District Court in Payette County. The complaint named as defendants, among others, Dwaine and Hyla Clapier, the current owners of the property being foreclosed upon and the current obligors of the note payable to Equitable. Following Equitable's successful summary judgment motion, findings of fact, conclusions of law, judgment and decree of foreclosure were entered on September 9, 1987, in favor of Equitable and against the Clapiers for $8,645.78, plus costs to be determined. Costs and attorney fees were determined and were included in amended findings, conclusions and judgment entered on September 29. In October a writ of execution was issued and the sheriff posted notices of the foreclosure sale for November 6.

On October 29, Equitable served the Clapiers by mail with a motion, affidavit and a proposed order, asking the district court to further amend the judgment of foreclosure to increase the amount of the judgment by $10,668.25 for taxes paid by Equitable on the real property. Equitable had paid these taxes prior to the entry of the judgment, but the amount paid was omitted inadvertently from the judgment. The district court granted the requested relief without a hearing and the order amending the judgment was filed on November 2, 1987.

The foreclosure sale was held on November 6, 1987. Equitable purchased the property with a credit bid of $22,948.42 and obtained a certificate of sale. The property was later redeemed from Equitable by Rodney and Maureen Frisby, the respondents in this appeal.

Eighteen months after the foreclosure sale, the Clapiers sought legal counsel for the first time and moved the district court to set aside the sheriff's sale. They claimed that the sale should be vacated because the property should not have been sold *en masse*, but rather in lots; because

---

1. The Frisbys now occupy the property. They purportedly purchased the redemption rights from a junior mortgagee, Farmers Home Administration, for $3,000. They also paid Equitable the amount owing on its judgment and received an assignment of Equitable's interest in the property. In a separate action, the Clapiers have challenged the Frisbys' right to redeem, but that issue is not before us in this appeal.

they had ample personal property to satisfy the judgment and, therefore, the personal property should have been sold before the real property; and because the sheriff should have sold the property for the amount of the original judgment, not the amended judgment amount. Their motion also claimed that the sale was based on an illegal judgment, *i.e.*, the second amended judgment dated November 2, 1987, which was obtained and entered by Equitable with notice to the Clapiers, but without a hearing.

The Clapiers did not dispute the sheriff's authority to accept a credit bid per se, but they objected to the amount accepted by the sheriff from Equitable. Had the amount of the sale been $8,645.78, the amount of the September 9, 1987, judgment, the Clapiers asserted that they could have satisfied the judgment out of their personal property and not suffered the loss of the real property and their home. To summarize their argument, the sale should be set aside because the sheriff sold the property for more than the amount of the September 9, 1987, judgment and decree, which was the judgment referred to in the writ of execution and order of sale. However, as the Frisbys pointed out at the hearing on the motion, the only objection made by the Clapiers at the sale was to the amount of the credit bid. They did not object to the alleged failure to sell personal property first nor did they object to the sale of the mortgaged real property *en masse*, rather than in lots.

■ On appeal, the Clapiers, appearing once again pro se, raise objections to the complaint, including a challenge to the court's jurisdiction, the corporate status of Equitable, and service on the other named defendants, as well as the order adding the Frisbys as third party plaintiffs. All of these objections, however, are beyond the scope of this appeal. The time for appeal of the original judgment, and the several amended and corrected judgments, had expired before the notice of appeal was filed. I.A.R. 14. As a result, only the order denying the Clapiers' motion to set aside the sheriff's sale is on review by this Court. *See* I.A.R. 17(e)(1).

The Clapiers also argue, according to *Hieb v. Mitchell*, 117 Idaho 1075, 793 P.2d 1247 (1990), interpreting I.C. § 11–401, that the Frisbys were not qualified redemptioners, making their redemption from Equitable invalid. This argument, though, is inapposite to the issue of whether the district court erred in refusing to set aside the sheriff's sale. The sole issue to be resolved on appeal is the propriety of the court's ruling that the motion to set aside was untimely.

Preliminarily, we note our standard of review on appeal from an order denying relief from a sheriff's sale:

> The motion to set aside the sale is addressed to the sound discretion of the court but, this discretion is not unlimited. In exercising its discretion, the court must base its decision on the pertinent principles of law or equity applicable to the facts and circumstances of the case.

*Wiesel v. Ashcraft*, 26 Ariz.App. 490, 549 P.2d 585, 588–89 (1976).

In his memorandum decision and order, the district judge considered the timeliness of the motion to set aside. Citing *Gaskill v. Neal*, 77 Idaho 428, 293 P.2d 957 (1956), the court determined that "a motion or other similar application to set aside an execution sale must be made promptly and without unreasonable delay." The district judge further explained that the time for filing a motion for relief under I.R.C.P. 60(b) was also governed by a reasonableness standard, or within six months if specified equitable reasons were set forth in the motion.

The Clapiers expressly disclaimed Rule 60(b) as the basis of their motion, which they claimed was filed under equity principles. The district court ruled that the motion had to be filed within a reasonable time, and here, it was not. The timeliness issue, therefore, was dispositive, and the district court did not rule on the validity of the underlying judgment.

We note first that the Clapiers' motion asserted that the foreclosure sale was based on an "illegal" judgment, *i.e.*, the second amended judgment dated November 2, 1987. Rule 60(b) would have provided the Clapiers with a mechanism *for obtaining* relief from this judgment. However, as the district court noted, the time limits

set by the rule had elapsed before the Clapiers' motion was filed. The final sentence of Rule 60(b) recognizes that the rule "does not limit the power of a court to entertain an independent action to relieve a party from a judgment ... within one (1) year after judgment was entered" where certain grounds are shown. Here, of course, the Clapiers filed no independent action, but in any event their motion was filed beyond the one-year time limit.

We agree with the district court that the Clapiers' motion to set aside the sheriff's sale is subject to the rule stated in *Gaskill v. Neal, supra,* that such a motion "must be made promptly and without unreasonable delay." Moreover, the question of reasonableness is ordinarily a question of fact to be resolved by the trier of the fact after both parties have had an opportunity to address this issue. *Thiel v. Stradley,* 118 Idaho 86, 88, 794 P.2d 1142, 1144 (1990) (dealing with the timeliness of a motion under I.R.C.P. 60(b)(4) to set aside a "void" judgment).

As mentioned earlier, the motion to set aside was filed eighteen months after the date of the foreclosure sale. The return on the writ of execution and the sheriff's return on the sale had been filed, and the one-year redemption period had expired. At the time of the motion, the Frisbys were in possession and had begun farming the real property, although it is unclear from the record whether a sheriff's deed was ever delivered to the Frisbys following their redemption of the property from Equitable.

The Clapiers offered no explanation to the district court for the delay in filing the motion, except to reiterate that equity was the basis for their motion, although the affidavits accompanying the motion discussed only irregularities in the writ, most of which were not complained of by the Clapiers at the sale. To hold on those grounds that the sale should be vacated "would do violence to the general rule of equity that a party will not be permitted to benefit by or take advantage of his own fault or neglect." *Garren v. Butigan,* 96 Idaho 906, 908, 539 P.2d 259, 261 (1975),

*citing McKenney v. McNearney,* 92 Idaho 1, 435 P.2d 358 (1967). *See also Harter v. Products Management Corp.,* 117 Idaho 121, 785 P.2d 685 (Ct.App.1990) (absent showing to establish timeliness of motion under I.R.C.P. 60(b), lower court's discretion to deny motion on basis of untimeliness will not be disturbed).

We conclude that the district court's finding of untimeliness was not clearly erroneous. Accordingly, we affirm the court's order denying the motion to set aside the sheriff's sale.

We award costs and attorney fees on appeal to the Frisbys pursuant to I.A.R. 40 and I.C. § 12–121. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979); *Troche v. Gier,* 118 Idaho 740, 800 P.2d 136 (Ct.App.1990).

WALTERS, C.J., and SILAK, J., concur.

## ORDER DENYING PETITIONS FOR REHEARING

Following the issuance of its opinion on October 31, 1991, this Court has received two petitions for rehearing filed by the appellants on November 19 and 21, 1991, together with supporting briefs.

The appellants enumerate and discuss many alleged defects in the trial court's proceedings. Many of these have been previously argued; some are being raised for the first time in the petitions for rehearing. The appellants have again argued that the district court and this Court lack jurisdiction over the parties and over the subject matter of the action. We again find no merit to these jurisdictional arguments, particularly as they relate to appellants.

In their petitions and briefs for rehearing, the appellants have not discussed the central issue that we decided in our opinion filed October 31, 1991, that is, the untimeliness of their motion to set aside the sheriff's foreclosure sale. We are shown no reason to change our decision on that critical issue. Accordingly, this Court is precluded from addressing the merits of other issues not raised by a timely appeal from the decree of foreclosure. We conclude the petitions for rehearing should be denied.

NOW, THEREFORE, IT IS ORDERED that appellants' petitions for rehearing be and the same are hereby denied.