834 P.2d 881

**Rodney A. FRISBY and Maureen G. Frisby, husband and wife, Plaintiffs–Respondents,**

v.

**D.D. CLAPIER and Hyla M. Clapier, husband and wife, Defendants–Appellants.**

**Dwaine D. CLAPIER and Hyla M. Clapier, Plaintiffs–Appellants,**

v.

**Rodney A. FRISBY and Maureen G. Frisby, husband and wife, Defendants–Respondents.**

No. 18710.

Court of Appeals of Idaho.

March 25, 1992.

Petition for Review Denied Aug. 26, 1992.

Hyla M. and Dwaine D. Clapier, pro se.

Manweiler, Bevis & Cameron, Boise, for respondents. David D. Manweiler argued.

PER CURIAM.

This appeal involves Dwaine and Hyla Clapier's efforts to establish their ownership of real property located in Payette County, Idaho, following foreclosure of a mortgage on their farm. The property was redeemed from the foreclosure by Rodney and Maureen Frisby who took possession and began farming. When the Payette County Sheriff refused to issue a sheriff's deed to the Frisbys, they filed an action in district court to quiet title and for an injunction and damages against the Clapiers.[1] On May 7, 1990, the district court granted a partial summary judgment quieting title in the Frisbys. The Clapiers appeal, pursuant to an I.R.C.P. 54(b) certificate. We affirm.

On appeal, the Clapiers contend that the district court erred in granting summary judgment to the Frisbys on the quiet title claim. Appearing *pro se*, the Clapiers argue primarily that the Frisbys were not qualified redemptioners under the definitions in I.C. § 11–401. They assert that the Frisbys' redemption was invalid under the circumstances and that title to the property cannot vest in the Frisbys, but should be reestablished in the Clapiers. The Clapiers also raise numerous questions, relating to the foreclosure proceeding itself, which are not reviewable in this action.[2]

---

1. The Clapiers responded to the Frisbys' suit by filing their own action to quiet title to the same property and alleging fraud by the Frisbys. The two suits, Payette County District Court Case No. 10140 and 10152 respectively, were consolidated in the district court by order dated February 9, 1990, and entered March 2, 1990.

2. In their brief and at oral argument, the Clapiers continued to attack jurisdictional rulings in the foreclosure proceeding itself, issues which were resolved in *The Equitable Life Assurance Society of the United States v. Clapier*, 121 Idaho 200, 824 P.2d 131 (Ct.App.1991).

We freely review whether the district court properly granted the Frisbys' motion for summary judgment. The moving party is entitled to judgment as a matter of law if the pleadings, depositions, admissions on file, and affidavits show that there is no genuine issue as to any material fact. I.R.C.P. 56(c); *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). Facts in the record and all reasonable inferences drawn from the facts are viewed in favor of the nonmoving party. *Id.* The burden of proving the absence of a genuine issue of material fact rests at all times upon the moving party. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991). A mere scintilla of evidence is insufficient for the nonmoving party to establish a genuine issue of fact. *Id.*

The dispositive issue in this appeal involves the resolution of the Frisbys' claim of title to the real property as it was presented to the court at the hearing on the Frisbys' summary judgment motion. In the quiet title action, the Frisbys claimed to be fee owners of the property, having successfully redeemed it from the foreclosure sale to The Equitable Life Assurance Society of the United States (Equitable). The Frisbys asserted that they held a quitclaim deed from the Farmers Home Administration (FmHA) granting them the FmHA's right of redemption, purchased for $3,000 from the FmHA, which was the holder of a mortgage junior in time to Equitable's mortgage. They also asserted that they held an assignment of all of Equitable's rights in the property, including rights to the promissory note secured by the mortgage to Equitable of April 22, 1968, the judgment on the note and mortgage, and the certificate of sheriff's sale from the foreclosure of the mortgage.

In support of their motion for summary judgment, the Frisbys also submitted excerpts from Hyla Clapier's deposition. The testimony in the deposition was that the Clapiers purchased the farm in 1972 from the owners who had mortgaged the property to Equitable in 1968. As successors to the mortgagors, the Clapiers had attempted to redeem by filing a notice with the county clerk on November 4, 1988, two days before the end of the one-year redemption period.[3] In her deposition, Mrs. Clapier also admitted that she had served another notice, this one on the sheriff, on November 15th; however, the sheriff had refused the notice and tender of the Clapiers as untimely and indicated that the property had already been redeemed.

The district court, after tracing the development of the case both from a chronological and a procedural standpoint in its findings, concluded that "based on the pleadings, depositions and affidavits of record, there is no genuine issue as to any material fact...." The court determined that the Frisbys' title should be confirmed.

On appeal, the Clapiers assert that the district judge ignored both statutory and case law when he granted summary judgment to the Frisbys. They argue that the Frisbys are neither judgment debtors nor creditors having a lien by judgment or mortgage, because the Frisbys had purchased only the equity of redemption from the FmHA. They contend, therefore, that the Frisbys are ineligible to redeem the property from foreclosure under I.C. § 11–401.[4] Further, they argue that the Frisbys' right to redeem is invalidated by *Hieb v. Mitchell*, 117 Idaho 1075, 793 P.2d 1247 (1990), in which the Supreme Court held that the equity of redemption cannot be

---

**3.** The Clapiers did not follow statutory procedure in making their attempted redemption to the county clerk, rather than to the sheriff.

**4.** Idaho Code § 11–401 provides that:

Property sold subject to redemption, as provided in section 11–310, or any part sold separately, may be redeemed in the manner hereinafter provided, by the following persons, or their successors in interest:

1. The judgment debtor, or his successor in interest, in the whole or any part of the property.

2. A creditor having a lien by judgment or mortgage on the property sold, or some share or part thereof, subsequent to that on which the property was sold. The persons mentioned in the second subdivision of this section are, in this chapter, termed redemptioners.

sold or transferred separately from the underlying mortgage.

We need not, however, apply *Hieb* in this case to determine whether the Frisbys' redemption was defective because the Frisbys acquired all of Equitable's interest in the subject property through an assignment dated December 5, 1988. We construe the Clapiers' arguments as an attack on the Frisbys' title, which if successful would divest the Frisbys of title. However, the party seeking to quiet title against another must succeed on the strength of his own title, and not on the weakness of that of his adversary. *Pincock v. Pocatello Gold & Copper Mining Co.*, 100 Idaho 325, 331, 597 P.2d 211, 217 (1979).

The record is clear that the Clapiers have shown no right to claim title by invalidating the Frisbys' redemption. Even in the event that the Frisbys' redemption were found to be defective, title would vest, after the expiration of the redemption period, in Equitable (but for the assignment to the Frisbys) as the purchaser at the foreclosure sale, not in the Clapiers. There is also undisputed evidence in the record that the Clapiers' attempted redemption failed. The district court's award of partial summary judgment quieting title in the Frisbys is therefore affirmed.

Costs to respondents pursuant to I.A.R. 40. No attorney fees awarded.