917 P.2d 794

**Larry D. WILLIAMS, Petitioner–Appellant,**

v.

**John B. McCALLUM, Respondent.**

No. 22177.

Supreme Court of Idaho,
Boise, March 1996 Term.

May 30, 1996.

James R. Gillespie, Boise, for appellant.

Wilson, Carnahan & McColl, Brian F. McColl (argued), Boise, for respondent.

JOHNSON, Justice.

This is a mortgage redemption case. We conclude that because the redemptioner did not include in the amount tendered all the taxes paid by or on behalf of the foreclosure purchaser, the purported redemption was not valid.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

In December 1993, the district court in Elmore County entered a foreclosure decree and an order of sale concerning real property (the property) in a foreclosure action (the foreclosure action). Pursuant to the order of sale, the sheriff sold the property to Larry D. Williams (Williams) on February 10, 1994 for $780,000. The property was encumbered by a number of liens. The person who owned the lien having first priority (the first priority lien) assigned it to another person,

who later assigned it to John B. McCallum (McCallum).

Because McCallum held the first priority lien, he had the option of redeeming the property from the foreclosure purchaser, Williams. He chose to exercise this option late on a Friday afternoon, February 10, 1995, which was the last day on which he could redeem. While at the sheriff's office, McCallum tendered a check for the amount he believed would effect the redemption. Williams's lawyer, who was present at the sheriff's office, refused to accept the check. Later that evening, Williams's lawyer told McCallum's lawyer that the check did not include some of the real property taxes on the property that Williams had paid following the foreclosure sale. These taxes (the additional taxes) were not paid directly by Williams but by a corporation (the corporation) on his behalf. On Monday, February 13, 1995, McCallum paid Williams the amount of the additional taxes.

To determine who owned the property, Williams filed a "motion" for declaratory relief under the same case name and number as the original foreclosure action. McCallum consented to this procedure and presented affidavits in opposition to the motion. Williams presented an affidavit of his agent verifying that the corporation had paid the additional taxes on Williams's behalf. The trial court ruled that McCallum's redemption was valid because McCallum had substantially complied with the requirements of the redemption statute. Williams appealed.

## II.

### McCALLUM'S REDEMPTION WAS NOT VALID.

■ Williams asserts that McCallum's redemption was not valid because he did not include in his tender all the taxes that Williams paid or that were paid on his behalf. We agree.

To redeem the property McCallum was required to include in his tender "the amount of any assessment or taxes which the purchaser may have paid [on the property] after the commencement of the action and which are not included in the judgment." I.C. § 11–402 (1990). None of the taxes at issue here were included in the foreclosure judgment. The amount McCallum tendered to the sheriff did not include the additional taxes that the corporation paid on Williams's behalf. There is no evidence that McCallum knew that the additional taxes had been paid after the commencement of the foreclosure action. McCallum's affidavit stated that on Monday morning, February 13, 1995 he instructed his lawyer "to confirm from the Elmore County Treasurer's Office whether such additional taxes had been paid." When the payment of the taxes was verified, McCallum's lawyer delivered to Williams's lawyer a cashier's check for the amount of these taxes. This payment was after the expiration of the one year statutory time limit for redemption.

■ We are unable to save McCallum's purported redemption by applying the concept of substantial compliance, as the trial court did. Absent some valid claim to equitable relief from the requirements of the redemption statute, a party purporting to redeem who does not comply with the statute loses the right to redeem and title vests absolutely in the purchaser. *Steinour v. Oakley State Bank*, 45 Idaho 472, 479–81, 262 P. 1052, 1054–55 (1928) (not allowing the redemptioner to tender payment even a few days after the year limitation ended); *see also Hieb v. Mitchell*, 117 Idaho 1075, 1078, 793 P.2d 1247, 1250 (1990) (strictly enforcing the definition of a lien creditor under I.C. § 11–401). In response to Williams's motion for declaratory relief, McCallum did not request any equitable relief from the requirements of I.C. § 11–402. Therefore, we must apply the statutory requirements strictly. McCallum's failure to pay the additional taxes within the one year time limit provided in I.C. § 11–402 renders the redemption invalid.

■ We also cannot accept McCallum's contention that the deficiency in the amount tendered on February 10, 1995 can be offset by the rents and profits from the property during the year following the foreclosure sale. I.C. § 11–407 (1990) entitles a redemptioner to the rents or profits from the prop-

erty, which "shall be a credit upon the redemption money to be paid." McCallum did not make the demand in writing for "a written and verified statement of the amounts of such rents and profits," which I.C. § 11–407 permits. A demand would have extended the period of redemption for five days after a sworn statement from Williams of the rents and profits. *Id.* In the absence of a demand and sworn statement or some other evidence of the amount of the rents and profits, there is no basis for considering an offset.

### III.

### CONCLUSION

We reverse the declaratory judgment of the trial court and remand to the trial court for issuance of a judgment declaring Williams to be the owner of the property.

We award Williams costs, but not attorney fees, on appeal.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.