IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 32522

LYNN ALLAN JENKINS I,       )
       )
    Plaintiff-Appellant,      )      Boise, November 2007
       )
v.       )      2008 Opinion No. 1
       )
BRETT S. BARSALOU, the Sheriff of Lemhi  )      Filed:  January 2, 2008
County, State of Idaho,      )
       )      Stephen W. Kenyon, Clerk
    Defendant-Respondent.      )
       )
       )

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Lemhi County.  Hon. Richard Taylor St. Clair, District Judge.

District court order granting summary judgment, affirmed.

Lynn A. Jenkins, I, Bountiful City, Utah, pro se appellant.

Paul B. Withers, Salmon, for respondent.

---

BURDICK, Justice

This case asks the Court to decide whether Appellant Lynn Jenkins complied with the Idaho statutes governing redemption.  We hold that he did not, and therefore, we affirm the district court's grant of summary judgment to respondent.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Lynn Allan Jenkins was one of several people with a mortgage interest in a 1063-acre property known as the Keystone Ranch.  The mortgage was initially granted in 1977 to the Wolfley Brothers, a partnership.  Numerous conveyances of portions of Keystone Ranch followed which separated the property into various parcels.  In the foreclosure action the district court determined KEB Enterprises, L.P. (KEB) was entitled to have its mortgage on Keystone Ranch foreclosed and that the five parcels of Keystone Ranch should be sold separately in order to satisfy the balance on the promissory note.  This Court affirmed the district court's order. *KEB Enters., L.P. v. Smedley*, 140 Idaho 746, 755, 101 P.3d 690, 699 (2004).  The district court

1

also quieted title to Tract 5 of Keystone Ranch, 475 acres, in Dale and Helen Smedley and the Smedley Family Investment Company subject to the 1977 mortgage owned by KEB and an unrecorded 1984 mortgage owned by Jenkins and Edwin Higley.[1]

The Sheriff sold all the separate tracts of Keystone Ranch at a public auction to KEB on May 1, 2003. DeLoy and Maria Wolfley, (the Wolfleys) recovered a judgment against the Smedleys in Utah, recorded it as a judgment lien in Lemhi County, and redeemed Tract 5 on June 24, 2003.

On December 19, 2003, Jenkins delivered a notice of redemption to the Sheriff and tendered a redemption payment to the clerk of the court made payable to the "Seventh Judicial District Court/State of Idaho." Initially the court clerk would not accept the check and informed Jenkins redemptions were done through the Sheriff's office. However, upon Jenkins insistence, she accepted the money. The Sheriff requested a letter of instruction, which Jenkins refused to provide.

Jenkins filed an Affidavit for Writ of Assistance and Petition requesting a court order that the Sheriff put Jenkins into possession of Keystone Ranch. A hearing was held in July 2004 in which the district court suggested Jenkins amend his action to get a declaratory judgment. Jenkins then filed a Complaint for Declaratory Judgment. Both parties made motions for summary judgment and the court held a hearing on those motions on June 17, 2005. The district court held Jenkins did not comply with the redemption statutes and granted the Sheriff's summary judgment motion. Jenkins filed a motion for a new trial and a motion to alter and/or reconsider the district court's ruling, which the district court denied. Jenkins then filed a motion to alter or amend the district court's second memorandum decision and order, which was denied. Jenkins timely appealed.

## II. STANDARD OF REVIEW

When this Court reviews a ruling on a summary judgment motion, we "employ[] the same standard as that used by the district court." *Riley v. W.R. Holdings, LLC*, 143 Idaho 116, 119, 138 P.3d 316, 319 (2006). Summary judgment shall be rendered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1] At that time Jenkins, had only a 51% interest in the unrecorded mortgage on the 475 acres and Higley had a 49% interest. However, in 1999 Higley executed a quit claim deed which granted his 49% interest to Jenkins.

matter of law." I.R.C.P. 56(c). "[W]here the evidentiary facts are not disputed and the trial court rather than a jury will be the trier of fact, summary judgment is appropriate, despite the possibility of conflicting inferences because the court alone will be responsible for resolving the conflict between those inferences." *Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661 (1982).

### III. ANALYSIS

Jenkins argues this Court does not have subject matter jurisdiction to hear this appeal and that in any case, the district court's grant of summary judgment should be reversed. The Sheriff asserts Jenkins did not comply with the redemption statutes and that he is entitled to an award of attorney fees on appeal. We address each argument below.

### A. Subject Matter Jurisdiction

"Questions of jurisdiction must be addressed prior to reaching the merits of an appeal. Jurisdiction is a question of law, over which we exercise free review." *Bach v. Miller*, 144 Idaho 142, __, 158 P.3d 305, 307-08 (2007) (citations omitted).

Jenkins argues this Court lacks jurisdiction to hear the appeal because the district court did not follow federal regulations in the foreclosure proceeding of Keystone Ranch. Jenkins's argument, however, goes toward the proper application of the law and not toward subject matter jurisdiction.

Subject matter jurisdiction is the power to determine cases of a general type or class of dispute. *Boughton v. Price*, 70 Idaho 243, 249, 215 P.2d 286, 289 (1950). The Idaho Constitution provides that the district court shall have original jurisdiction to hear all cases, both at law and in equity. Idaho Const. art. V, § 20. Thus, the district court had subject matter jurisdiction to hear this case. Furthermore, this Court has "jurisdiction to review, upon appeal, any decision of the district courts. . . ." Idaho Const. art. V, § 9. Therefore, we hold the district court had subject matter jurisdiction over the case now on appeal and that we have subject matter jurisdiction to hear the appeal.

### B. Compliance with Redemption Statutes

In Idaho, in order to redeem property after it has been auctioned at a foreclosure sale, one must comply with the applicable statutory requirements in I.C. §§ 11-401—407. *Riley*, 143 Idaho at 119, 138 P.3d at 319. In the absence of a valid claim to equitable relief, this Court

strictly enforces the statutory requirements for redemption. *Williams v. McCallum*, 128 Idaho 637, 638, 917 P.2d 794, 795 (1996).

Jenkins is a "redemptioner" because he is "[a] creditor having a lien by judgment or mortgage on the property sold, or some share or part thereof, subsequent to that on which the property was sold." I.C. § 11-401(2). If a property is redeemed by a redemptioner, another redemptioner may "redeem it from the last redemptioner. . . ." I.C. § 11-403. "Written notice of redemption must be given to the sheriff and a duplicate filed for record with the recorder of the county. . . ." I.C. § 11-403. Payment of redemption money is governed by I.C. § 11-404, which provides that payment of redemption money "may be made to the purchaser or redemptioner, or for him, to the officer who made the sale, or to his successor in his office."

The Sheriff argues Jenkins failed to comply with the requirements of tender and timeliness. The Sheriff also asserts Jenkins cannot redeem the entire Keystone Ranch. Jenkins argues he is entitled to redeem the entire ranch and that the Sheriff's request for a letter of instruction prejudiced his redemption. We address each issue below; but first, we turn to whether there is a distinction between classes of redemptioners.

1. One Class of Redemptioners

Many of Jenkins's arguments hinge on his reading of the statute that redemptioners are divided into two classes: those creditors having a lien by judgment and those creditors having a lien by mortgage. However the plain language of the statutory definition of "redemptioner" makes no such distinction.

Pursuant to I.C. § 11-403 another redemptioner may redeem the same property from a previous redemptioner. A redemptioner is "[a] creditor having a lien by judgment or mortgage on the property sold, or some share or part thereof, subsequent to that on which the property was sold." I.C. § 11-401(2). The statute makes no distinction between redemptioners who have a judgment lien and redemptioners who have or had a mortgage on the property. Consequently, the basis of the Wolfleys' right to redeem based on a judgment lien does not excuse Jenkins from complying with the mandates of the redemption statutes.

2. Tender

All of the separate tracts of Keystone Ranch were sold at a public auction to KEB. Tract 5, which was owned by the Smedleys, was redeemed by the Wolfley's (judgment creditors of the Smedleys), from KEB through the Sheriff, on June 24, 2003. Thus, pursuant to I.C. § 11-404, in

order to redeem the land from the Wolfleys (the last redemptioner), Jenkins needed to make a payment of redemption money to "the purchaser or redemptioner" (the Wolfleys)[2] or "to the officer who made the sale" (the Sheriff). However, instead of following these requirements, Jenkins deposited his redemption money with the clerk of the court.

Jenkins attempts to justify the payment of the redemption money to the district court clerk on several grounds. First, Jenkins argues the "election of remedies" doctrine allowed him to deposit his redemption money with the district court clerk instead of with the Sheriff. The election of remedies doctrine applies when there are inconsistent remedies available. *Radioear Corp. v. Crouse*, 97 Idaho 501, 505, 547 P.2d 546, 550 (1975). There is no issue of inconsistent remedies in the present case. Moreover, redemption is strictly a statutory right and election of remedies does not apply to whether one must follow the statutory procedure when redeeming property.

Second, Jenkins argues that because he tendered redemption money to KEB, the purchaser of all five parcels at the foreclosure sale, he complied with the statutory requirements. However, Tract 5 had already been redeemed from KEB by the Wolfleys, and the statute requires that a subsequent redemptioner pay the redemption money to the previous redemptioner or to the Sheriff. *See* I.C. § 11-404 (the payment must be made to the "purchaser or redemptioner, or for him, to the officer who made the sale"); *see also* I.C. § 11-403 (if property is redeemed, another redemptioner may "again redeem it *from the last redemptioner*") (emphasis added).

Third, to the extent Jenkins argues his deposit of the redemption money with clerk of the court was proper pursuant to I.R.C.P. 67, he is incorrect. That rule provides:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party and by leave of court, may deposit with the court all or any part of such sum or thing.

I.R.C.P. 67.

---

[2] Jenkins asserts the Wolfleys were not "bona fide foreign judgment creditors." Nonetheless they had redeemed the land, and thus, according to I.C. § 11-404 should have received the payment of the redemption money. As an alternative, Jenkins could have made payment to the Sheriff. In any case, the statute does not permit making the payment of redemption money to the clerk of the court even supposing Jenkins is correct that the Wolfleys were not "bona fide judgment creditors."

This rule does not apply to Jenkins's deposit of money to the clerk of the court because at the time there was no action taking place and Jenkins did not have leave of the court to deposit the money.

Therefore, because it was necessary that Jenkins tender the redemption money to the Sheriff or to the Wolfleys and he did not do so, Jenkins failed to meet the statutory requirement of tender.

### 3. Timeliness

According to the statute, the redemption had to be made "within sixty (60) days after the last redemption and within one (1) year after the sale. . . ."[3] I.C. § 11-403. Tract 5 was sold May 1, 2003, and was redeemed by the Wolfleys in June 2003. Jensen's first attempts at redemption did not occur until December 2003. Thus, Jenkins did not redeem within the statutory time period.

### 4. Redemption of the entire ranch

Jenkins attempted to redeem all five parcels of Keystone Ranch. Jenkins asserts "[r]edemption of a senior mortgage by a junior mortgage redemptioner is an issue of first impression in Idaho." To the degree Jenkins argues he is entitled to redeem the entire ranch and not solely the portion in which he holds an interest, such a holding would be prohibited by the statute. The statute defines a redemptioner as "[a] creditor *having a lien* by judgment or mortgage *on the property sold*, *or some share or part thereof*, subsequent to that on which the property was sold." I.C. § 11-401(2) (emphasis added). Therefore, according to the statute a redemptioner is only entitled to redeem property on which he has a lien. Since Jenkins had a lien only on the separately sold Tract 5, Jenkins is entitled to redeem Tract 5 only. There is no support for the argument that he is also entitled to redeem the other divided four tracts of Keystone Ranch, in which he never had any interest.

### 5. Letter of Instruction

Jenkins asserts the Sheriff inappropriately requested a letter of instruction. However, because Jenkins clearly was not in compliance with the redemption statutory requirements, he would not have been able to redeem the property even assuming the Sheriff had not requested a letter of instruction. Thus, we decline to address this issue.

---

[3] This time period applies when the tract of land at issue, as in this case, is more than twenty acres. I.C. § 11-403.

**C. Attorney Fees**

The Sheriff requests an award of attorney fees on appeal pursuant to I.C. §§ 12-121 and 12-117. Idaho Code § 12-121 allows an award of "reasonable attorney's fees to the prevailing party. . . ." Attorney fees are awarded to the prevailing party under this statute when "the action was brought or pursued frivolously, unreasonably or without foundation." *Baker v. Sullivan*, 132 Idaho 746, 751, 979 P.2d 619, 624 (1999). Additionally, pursuant to I.C. § 12-117(1), a prevailing county must be awarded "reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law."

In attempting to redeem the property, Jenkins clearly did not comply with the statutory requirements, which we have said are strictly enforced. *See Williams*, 128 Idaho at 638, 917 P.2d at 795. Jenkins's arguments do not have a reasonable basis in fact or law. We hold that Jenkins has unreasonably pursued this action and, therefore, award attorney fees to the Sheriff.

## IV. CONCLUSION

We hold we have subject matter jurisdiction over this appeal. We affirm the grant of summary judgment to the Sheriff and award the Sheriff attorney fees on appeal. Costs to Respondent.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**

7