800 P.2d 136

M. Marlene TROCHE and Nick V. Troche, Husband and Wife, Plaintiffs–Respondents,

v.

Jacob P. GIER and Deborah K. Gier, Husband and Wife, Defendants–Appellants.

No. 18363.

Court of Appeals of Idaho.

Oct. 29, 1990.

(1945), *overruled on other grounds, Mitchell v.* *Flandro,* 95 Idaho 228, 506 P.2d 455 (1972).

Vernon K. Smith, Jr., Boise, for defendants-appellants.

Manweiler, Bevis & Cameron, Boise, for plaintiffs-respondents. David D. Manweiler argued.

SILAK, Judge.

This is an appeal from a decision of the district court upholding the enforcement of a rental contract which was found to be implied-in-law by the magistrate division. The disputed issues on appeal are whether there is sufficient evidence to support the factual findings and whether either of the parties is entitled to attorney fees.

The facts of this case are as follows. The Troches and the Giers were friends. The Giers became insolvent, filed for bankruptcy, and lost their home. They planned to live in their trailer for the winter. The Troches became aware of the situation and allowed the Giers to move into an empty townhouse which they owned. The Troches also agreed to put the utilities in their name because the Giers were unable to obtain credit.

There was a dispute regarding the agreement that existed between the parties at the time the Giers became occupants of the townhouse. The Giers asserted that the Troches intended to waive rent and utility charges from late January through late May of 1987 as a gift to the Giers because of their reduced circumstances. The Troches testified that they did not intend to make a gift to the Giers. They further testified that they offered to have the Giers move into the townhouse and to have the utilities put in the Troches' name until June 1, 1987, at which time the Giers would commence payment of current *and* back rent and utilities incurred during the term of their occupancy.

Following a trial in the magistrate division,[1] the court found that no express contract existed, that a contract which was implied-in-law did exist and that, pursuant to the contract, the Giers owed the Troches $2,630.75 in unpaid rent and utility charges. On appeal from the district court's affirmance of the magistrate's decision, the Giers contend that there was insufficient evidence to support the magistrate's findings.

When we review a decision of the district court acting in its appellate capacity, we conduct an independent examination of the trial record. We determine whether findings made by the magistrate are supported by substantial evidence and whether the magistrate correctly applied the law to the facts as found. *Knopp v. Nelson*, 116 Idaho 343, 344, 775 P.2d 657, 658 (Ct.App. 1989). Findings of fact by the trial court will not be disturbed on appeal unless they are clearly erroneous. I.R.C.P. 52(a). Clear error will not be deemed to exist if the factual findings are supported by substantial and competent, although conflicting, evidence. *See Barker v. Honorof*, 116 Idaho 767, 770, 780 P.2d 89, 92 (1989).

When a trial court's findings of fact are challenged on appeal, the appellant has the burden of showing error, and the reviewing court will view the evidence in the light most favorable to the respondent. *Muniz v. Schrader*, 115 Idaho 497, 500, 767 P.2d 1272, 1275 (Ct.App.1989). In the present case, the Giers essentially have asked this court to view the facts anew and to substitute our opinion for the opinion of the trial court. The testimony of the two parties is conflicting; however, the Giers have pointed to no factual findings which are unsupported by evidence in the record. On appeal, they have simply asked this Court to reinterpret the facts. This we decline to do. *Pass v. Kenny*, 118 Idaho 445, 797 P.2d 153 (Ct.App.1990.) We hold that the magistrate's findings of fact are supported

---

1. After the initial trial, the case was appealed to the district court. The district court remanded the case for further fact finding to determine whether the implied contract was implied-in-law or implied-in-fact. Following the submission of further evidence, the magistrate found that the contract was implied-in-law. The district court then affirmed the amended memorandum decision of the magistrate division.

by substantial, competent evidence and that the law was correctly applied to those facts.

■ Because the Troches have prevailed in this appeal, they are entitled to an award of costs, to be determined under I.A.R. 40. The Troches also have requested an award of attorney fees. An award of attorney fees to the prevailing party may be granted under I.C. § 12–121 when this Court is left with the belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Excel Leasing Co. v. Christensen*, 115 Idaho 708, 712, 769 P.2d 585, 589 (Ct.App.1989) (review denied), *citing Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Where the appellant fails to present any significant issue on appeal regarding a question of law, where no findings of fact made by the trial court are clearly or arguably unsupported by substantial evidence, where we are not asked to establish any new legal standards or modify existing ones, and where the focus of the case is on the application of settled law to the facts, the appeal is deemed to be without foundation. Under those circumstances, attorney fees should be awarded to the respondent. *Excel Leasing Co., supra*, at 712, 769 P.2d 585. We conclude that the Giers' appeal was unreasonable and without foundation because they sought merely a reevaluation of the facts by this Court. We will, therefore, award attorney fees to the respondents in an amount to be determined under I.A.R. 41(d).

The order of the district court upholding the judgment of the magistrate is affirmed. Costs and attorney fees to respondents, Troches.

WALTERS, C.J., and SWANSTROM, J., concur.