894 P.2d 775

**Frank RENDON, Petitioner–Appellant,**

v.

**Dave PASKETT, Warden, Isci; Kelly R. Mutch, Medical Director, Prior; T.R. Bennett, Medical Director, Present; Steve Stedtfeld, DDMS; Charles Steuart, M.D.; Harold Hatten, M.D.; Idaho Department of Corrections; State of Idaho, Respondents.**

No. 21611.

Court of Appeals of Idaho.

May 4, 1995.

Idaho Legal Aid Services, Inc., E. Maureen Laflin and Anthony D. Woolf, Legal Intern, Moscow, for appellant. Anthony D. Woolf argued.

Alan G. Lance, Atty. Gen. Robert R. Gates, Deputy Atty. Gen., Boise, for respondent. Robert R. Gates, argued.

PERRY, Judge.

Frank Rendon, an inmate at an Idaho correctional facility, filed a petition for habeas corpus relief claiming that he was unconstitutionally being denied a kidney transplant. His petition was denied without a hearing after a magistrate found that Rendon had failed to make a prima facie showing that he was entitled to habeas corpus relief. Rendon appealed to the district court, which not only reversed the magistrate's decision but also granted Rendon a writ of habeas corpus. The district court, however, denied Rendon's request for attorney fees on appeal. Rendon filed a motion for reconsideration, which was also denied by the district court. Rendon appeals, seeking review of the district court's order denying attorney fees in the intermediate appeal.

We first note that the issue before the district court on appeal was whether a cause of action had been sufficiently stated in Rendon's petition for habeas corpus to warrant an evidentiary hearing. Therefore, because of the summary dismissal by the magistrate, the district court had before it only Rendon's petition and supporting documentation, the state's response and Rendon's reply to the state's request to dismiss the petition. The district court, which did not hear the matter *de novo*, was bound by I.R.C.P. 83(u) to either affirm the decision of the magistrate

or reverse the dismissal order and remand for an evidentiary hearing. In this case, however, the district court ruled on the merits of the petition and granted habeas corpus relief to Rendon without an evidentiary hearing ever having been conducted. Though it appears that the district court granted relief beyond the scope of its authority on appeal to it from the magistrate, the state has not cross-appealed that ruling to this Court.

In denying Rendon's request for attorney fees, the district court decreed that "based on this record, I cannot say that the state's defense fell within I.C. § 12–121, at least as it has been interpreted by the Idaho Supreme Court." The district court expanded its reasoning in its later order denying Rendon's motion for reconsideration of the fee request: "While this Court is convinced that the actions taken by the State in defense of this action were unreasonable, this Court is not convinced that the State's actions meet the standard set forth by the Idaho Supreme Court in regard to the grant of attorney's fees under I.C. § 12–121."

■ A request for attorney fees on an appeal to the district court is determined upon the same standards of review as an appeal from the district court to the Supreme Court and is governed by I.A.R. 41. *Griffin v. Griffin,* 102 Idaho 858, 642 P.2d 949 (Ct. App.1982). An award of attorney fees may be granted under I.C. § 12–121 and I.A.R. 41 to the prevailing party. *Excel Leasing Co. v. Christensen,* 115 Idaho 708, 769 P.2d 585 (Ct.App.1989). Such an award is appropriate when the court is left with the abiding belief that the appeal has been brought, or defended frivolously, unreasonably, or without foundation. *Id.*

■ Although it is unclear from the record before us whether the district court was considering the reasonableness of the state's defense before the magistrate or the state's actions as respondent in the intermediate appeal, we agree that the state did not defend frivolously. Because the magistrate summarily dismissed Rendon's petition, the state was never required to appear at a hearing and present its defense. Having prevailed before the magistrate, the state then simply responded to Rendon's appeal to the district court. As noted above, because the district court did not remand to the magistrate for an evidentiary hearing, the full nature and extent of the state's defense to Rendon's petition remains unknown. Therefore, based upon the current record we cannot find that the state's actions meet the criteria necessary for an award of attorney fees. Thus, we conclude that the district court did not abuse its discretion in denying Rendon his attorney fees in the intermediate appeal.

No costs or attorney fees are awarded in this appeal.

WALTERS, C.J., and LANSING, J., concur.