**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38939**

| | | |
|---|---|---|
| TERRY-LEE, | ) | 2012 Unpublished Opinion No. 612 |
| | ) | |
| Plaintiff-Counterdefendant-Appellant, | ) | Filed: August 29, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| NATHAN DAVID YOUNG, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Counterclaimant- | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. John T. Mitchell, District Judge.

Orders denying motion to set aside default judgment, <u>appeal dismissed</u>.

Terry-Lee, Loon Lake, Washington, pro se appellant.

Lukins & Annis, P.S.; Michael G. Schmidt, Coeur d'Alene, for respondent.

_____

GRATTON, Chief Judge

Terry-Lee appeals from the district court's orders entered against him concerning a default judgment. We dismiss the appeal for lack of appellate jurisdiction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 9, 2009, Terry-Lee filed an action for dissolution of his partnership with Nathan David Young. On November 10, 2009, Young filed his answer, affirmative defenses, and counterclaim. Terry-Lee failed to reply to Young's counterclaim and on December 15, 2009, Young provided Terry-Lee with a three-day notice of intent to take default.

On May 12, 2010, Young moved for entry of default judgment against Terry-Lee, which was granted on June 2, 2010. On June 11, 2010, Terry-Lee requested that the default judgment be set aside pursuant to Idaho Rules of Civil Procedure 60(b), 59(b), 26(e)(2), and 9(b). On September 30, 2010, the district court entered its memorandum decision and order denying Terry-Lee's motion. Terry-Lee then proceeded to file numerous documents objecting to, and

1

seeking reconsideration of, the district court's denial of his motion to vacate the default judgment. Young objected to these filings because they were untimely and prohibited under I.R.C.P. 11(a)(2)(B). The district court allowed Terry-Lee to proceed with his motion to reconsider. Ultimately, on May 7, 2011, the district court entered its memorandum decision and order denying Terry-Lee's motion for reconsideration and other motions. Terry-Lee filed his notice of appeal on June 28, 2011.

## II.

## DISCUSSION

Terry-Lee makes numerous claims concerning a default judgment entered against him in the district court. He argues that the default judgment was improper because he never received notice of the counterclaim. Terry-Lee's argument is grounded on his assertion that the district court and Young's attorneys sent all court documents, except the default judgment, to an incorrect address and addressee, and to open said documents would have constituted mail fraud. Terry-Lee also argues that the default judgment was entered without an appraisal on the property at issue.

The district court's default judgment was entered on June 2, 2010. Terry-Lee did not timely appeal from that judgment. Idaho Appellate Rule 14(a) provides that a notice of appeal must be filed with the clerk of the district court within forty-two days from the filing of the final judgment or order from which the appeal was taken. This time limit is jurisdictional and a failure to comply "shall cause automatic dismissal of such appeal." I.A.R. 21. Thus, we must dismiss Terry-Lee's appeal insofar as it challenges the default judgment or any interlocutory orders that preceded it,[1] unless the time for appeal was tolled by Terry-Lee's June 11, 2010, motion to vacate the judgment and to vacate transfer of Terry-Lee's undivided one-half interest in the lands in question. While I.A.R. 14(a) provides that the time for appeal from a civil judgment "is terminated by the filing of a timely motion which, if granted, could affect the findings of fact, conclusions of law or any judgment in the action," that rule also explicitly excludes motions brought under I.R.C.P. 60 from this tolling provision. Therefore, Terry-Lee's motion for relief from the default judgment brought pursuant to I.R.C.P. 60(b) did not extend the

---

[1]     Idaho Appellate Rule 17(e)(1) provides that a notice of appeal from a judgment "shall be deemed to include, and present on appeal: (A) All interlocutory judgments and orders entered prior to the judgment."

2

time for an appeal from the default judgment. Terry-Lee's appeal is untimely with respect to the default judgment or any of the district court's orders that preceded that default judgment. Accordingly, as to those matters, the appeal is dismissed for lack of appellate jurisdiction.

Terry-Lee also argues that the district court erred in denying his motion to vacate the default judgment pursuant to I.R.C.P. 60(b). Under Rule 60(b), Terry-Lee had six months to file a motion under parts 1, 2, and 3, or a reasonable amount of time under parts 4 and 5. Terry-Lee timely filed his initial motion to vacate the default judgment under Rule 60(b).[2] Moreover, the district court's order denying Terry-Lee's motion to vacate the default judgment is an appealable order. Idaho Appellate Rule 11(a)(7) (An appeal as a matter of right may be taken from "[a]ny order made after final judgment including an order denying a motion to set aside a default judgment."). The district court entered the order denying Terry-Lee's motion to vacate the default judgment on September 30, 2010. Terry-Lee filed numerous motions and other documents regarding the denial by the district court of his motion to vacate the default judgment. However, I.R.C.P. 11(a)(2)(B) states that "there shall be no motion for reconsideration of an order of the trial court entered on any motion filed under Rules 50(a), 52(b), 55(c), 59(a), 59(e), 59.1, 60(a), or 60(b)." Whether or not the district court entertained his various motions does not alter the analysis of when Terry-Lee's time period to appeal began to run. Because Terry-Lee's various motions to reconsider were impermissible, and did not toll the forty-two days to appropriately appeal, Terry-Lee failed to timely appeal the order denying his motion to vacate the default judgment. Accordingly, this Court is without appellate jurisdiction to consider the merits of his claims concerning the denial of his Rule 60(b) motion.

Young requests attorney fees on appeal pursuant to Idaho Code §§ 12-120(3) and 12-121. An award of attorney fees may be granted under I.C. § 12-121 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Young argues that "Lee has failed to articulate any grounds under I.R.C.P. Rule 60(b) for setting the Judgment aside." Terry-Lee's

---

[2] It is conceivable that Terry-Lee's subsequent motions to reconsider and his motions to object could be construed as additional I.R.C.P. 60(b) motions. Rule 60(b) does not foreclose the use of subsequent motions if multiple Rule 60(b) parts apply. However, Terry-Lee's subsequent motions alleged the very same wrongdoing as his initial Rule 60(b) motion, and were not filed within the time constraints contained in Rule 60(b)(6).

appeal was not timely, his numerous pleadings failed to articulate under which I.R.C.P. 60(b) part his claim was proceeding, and he failed to address the abuse of discretion standard, which would have applied to the present case if it had been timely appealed. Therefore, we grant attorney fees to Young on appeal.

## III.

## CONCLUSION

The appeal derived from the default judgment, orders that preceded the default judgment, and the district court's order denying Terry-Lee's motion to vacate the default judgment are dismissed because the appeal was untimely. Costs and attorney fees are awarded to Young on appeal.

Judge LANSING and Judge MELANSON **CONCUR.**