IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 41416

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENTAL RIGHTS OF JANE (2013-24) DOE. | ) ) ) | |
| JOHN DOE and JANE DOE, | ) | 2014 Unpublished Opinion No. 310 |
| | ) | |
| Petitioners-Respondents, | ) | Filed: January 7, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JANE (2013-24) DOE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Mick Hodges, Magistrate.

Order terminating parental rights, affirmed.

Timothy J. Schneider, Mini-Cassia Public Defender; Jacob D. Twiggs, Deputy Public Defender, Burley, for appellant.

Alfred E. Barrus, Burley, for respondents.

GRATTON, Judge

Jane Doe (Mother) appeals from the magistrate's order terminating her parental rights. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

John Doe and Jane Doe (Adoptive Father and Adoptive Mother, or Parents) filed a petition for termination and for adoption. Adoptive Father is the child's paternal grandfather, who is married to Adoptive Mother. The birth father's rights were terminated when he failed to appear at the scheduled termination hearing. Mother was appointed counsel and contested the termination. The termination hearing was held in August 2013. Evidence at the hearing showed Parents began providing weekend care for the child in 2004. During that time, the child showed signs of neglect while in Mother's custody. Parents began providing daily care in 2005 and were

1

appointed guardians of the child in 2006, having provided the child's primary care since he was approximately two years old. Mother had no contact with the child for over five years and provided no support. Mother claimed she lost Parents' phone number and attempted to contact the child by making one call a year to Parents' work number. Mother was not prevented from contacting the child in any way.

The court granted the petition to terminate Mother's parental rights. The court found Mother abandoned and neglected the child and that termination was in the best interest of the child. Mother timely appeals.

## II.

## ANALYSIS

Grounds for termination of parental rights must be shown by clear and convincing evidence because each parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *In re Aragon*, 120 Idaho 606, 608-09, 818 P.2d 310, 312-13 (1991). "Clear and convincing evidence is generally understood to be '[e]vidence indicating that the thing to be proved is highly probable or reasonably certain.'" *In re Adoption of Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006) (quoting BLACK'S LAW DICTIONARY 577 (7th ed. 1999)). On appeal, this Court will not disturb the magistrate court's decision to terminate parental rights if there is substantial, competent evidence in the record to support the decision. *State v. Doe*, 143 Idaho 343, 345, 144 P.3d 597, 599 (2006). "Substantial, competent evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 345-46, 144 P.3d at 599-600 (quoting *Folks v. Moscow Sch. Dist. No. 281*, 129 Idaho 833, 836, 933 P.2d 642, 645 (1997)). This Court is required to conduct an independent review of the magistrate court record, but must draw all reasonable inferences in favor of the magistrate court's judgment, as the magistrate court has the opportunity to "observe witnesses' demeanor, to assess their credibility, to detect prejudice or motive and to judge the character of the parties." *Aragon*, 120 Idaho at 608, 818 P.2d at 312.

In this case, the magistrate court terminated Mother's parental rights on the grounds of abandonment and neglect and on a finding it was in the best interest of the child to terminate those rights. Statutory grounds for termination of parental rights under Idaho Code § 16-2005 include: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) inability to discharge parental responsibilities for a prolonged

2

period, which will be injurious to the health, morals, or well-being of the child; or (e) incarceration for a substantial period of time during the child's minority. I.C. § 16-2005. Upon finding a statutory ground for termination, the court must also find that it is in the best interest of the child to terminate the parent-child relationship. I.C. § 16-2005(1). Both findings must be established by clear and convincing evidence.

Pursuant to I.C. § 16-2002(5), abandonment occurs when "the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact." The word "or" is a disjunctive particle used to express an alternative, and thus the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010).

When a parent fails to maintain a normal parental relationship without just cause for a period of one year or six months in the case where a grandparent seeks to the adopt the child, prima facie evidence of abandonment exists. I.C. § 16-2002(5). There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the defendant lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the defendant then has the burden of production to present evidence of just cause. *Id.* If the magistrate finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.*

Here, the court found that Mother had no contact with child for over five years. Parents obtained guardianship in 2006 and were the primary caregivers of the child since the child was two years old. Mother claims she tried to maintain a parental relationship by calling once a year to Parents' business phone number. Mother's only other attempt at contact was through the child's paternal grandmother. When the grandmother told her it was not a good idea, Mother did not pursue further communication other than her annual phone call. Mother also did not provide any support or send any birthday cards or gifts at any time. There is no just cause excusing Mother's failure to maintain a normal parental relationship or provide any kind of support for the child. The magistrate's finding, based upon a clear and convincing evidence standard, that

3

Mother abandoned her child is amply supported by substantial and competent evidence in the record.

Idaho Code § 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(26). Section 16-1602(26)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical, or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

Adoptive Mother testified that during the period that the child was under Mother's care, he would return from visits with Mother soaking wet and have extensive diaper rash. Testimony also revealed Mother was unable to provide milk for the child and instead gave the child water, gave the child soda in the child's bottle, and gave the child's formula to her cats instead of the child. The house that Mother provided was not regularly cleaned and had cat feces and urine all over. When Parents became guardians, the child was afraid of the bathtub, was afraid to have diaper changes, and was very delayed in speech development. The magistrate's finding that Mother neglected child is also supported by substantial and competent evidence in the record.

Finally, Mother argues that it was not in the child's best interest to terminate Mother's parental rights. The court found that Parents provide a loving home for the child and that they were the only parents the child has known. The child overcame any developmental problems that existed when Parents became guardians, is now active in sports and maintains above-average school grades. Mother failed to maintain a parental relationship with the child for over five years, made no reasonable attempt to contact the child, provided no support for the child, and otherwise neglected the child. At the hearing, Mother could only offer that it was in the best interest of the child to be in her custody so that the child was not raised with money and he would be sent to a smaller school. There exists substantial and competent evidence to support the magistrate's finding that it was in the child's best interest to terminate Mother's parental rights. Therefore, we hold that the court did not err in terminating Mother's parental rights.

On appeal, Parents request attorney fees arguing the appeal was made frivolously, unreasonably, and without foundation. An award of attorney fees may be granted to the prevailing party pursuant to I.C. § 12-121 and Idaho Appellate Rule 41. *Excel Leasing Co. v. Christensen*, 115 Idaho 708, 712, 769 P.2d 585, 589 (Ct. App. 1989). Such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or

4

defended frivolously, unreasonably, or without foundation. *Id.* However, attorney fees will not be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979).

In discussing Mother's demeanor at the hearing and projecting the wishes of the child in the termination, the court stated the following:

> For the record, I will note the whole time [Adoptive Mother] testified you were very demonstrative, shaking your head. You glared at her with such palatable hate that I've not seen before, and I don't understand. I don't understand why that happened.
> This woman -- you bore the child. This woman raised him. And if it's jealousy, if it's vindictiveness, I don't know why we're here today. I didn't hear any defense to this action for termination or this action for abandonment.
> Every possible excuse I heard rang absolutely hollow.
> . . . .
> I can't imagine how possibly that child would want to leave a loving healthful, healthy relationship that he enjoys and move in with a person that he doesn't even know for the reason that the other person wants to make him live a life of poverty. That, we can't be here in good faith. That can't be a good faith argument. That has to be something else other than good faith, like bad faith.
> You're here to punish these people or to hurt them or to waste their time or make them incur attorney fees. I don't know why we're here. I want my kid because it's his best interest to live in poverty is not a good faith argument.

Parents were awarded attorney fees and costs below. Mother argues it was not frivolous to fight for the right to her child and that she raised several arguments on appeal. However, this Court is left with the abiding belief that Mother's appeal against Parents was brought frivolously, unreasonably, and without legal or factual foundation; therefore, attorney fees are awarded to Parents.

## III.

## CONCLUSION

The magistrate's determination is supported by clear and convincing evidence that Mother abandoned and neglected the child, and that it was in the child's best interest to terminate Mother's parental rights. Therefore, the order terminating Mother's parental rights is affirmed. Costs and attorney fees to Parents.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**