**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40575**

| | |
|---|---|
| SAPIENT TRADING, LLC, as assignee of TETON COUNTY, WAYNE DAWSON, and ALVA HARRIS,<br><br>       Plaintiffs-Respondents,<br><br>v.<br><br>JOHN N. BACH,<br><br>       Defendant-Appellant. | 2014 Unpublished Opinion No. 483<br><br>Filed: April 29, 2014<br><br>Stephen W. Kenyon, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment denying claim of exemption from writ of execution, <u>affirmed</u>.

John N. Bach, Driggs, pro se appellant.

Jared M. Harris of Baker & Harris, Blackfoot, for respondents.

_____

GUTIERREZ, Chief Judge

John N. Bach appeals from the judgment of the district court denying Bach's claim of exemption from a writ of execution. For the reasons that follow, we affirm.

**I.**

**FACTS AND PROCEDURE**

Sapient Trading, LLC, as assignee of Teton County, Wayne Dawson, and Alva Harris, was assigned a judgment against Bach that was issued by the United States District Court for the District of Idaho. Because the judgment was issued by a federal court, the judgment is a foreign judgment. Idaho Code § 10-1301. Sapient Trading filed the foreign judgment with the clerk of the district court in Bingham County. The clerk of the district court in Bingham County issued a writ of execution to the Teton County Sheriff for Bach's personal and real property in Teton County, and Bach filed a claim of exemption. Sapient Trading moved the court for a hearing on the claim of exemption, and the court ordered that a hearing be scheduled. Bach then moved the

1

district court to change venue to Teton County. The district court denied the motion because it determined that "[w]here Idaho Code § 10-1302 specifies that a foreign judgment may be filed in the district court of any county, such broad designation excludes limitation by the venue rules." The district court issued a final judgment denying Bach's claim of exemption and awarded attorney fees to Sapient Trading. Bach appeals, and Sapient Trading seeks attorney fees on appeal.

## II.

## ANALYSIS

The primary issue addressed in Bach's brief is whether the district court erred by denying Bach's motion for change of venue.[1] We review the denial of a change of venue for an abuse of discretion. *State v. Sheahan*, 139 Idaho 267, 278, 77 P.3d 956, 967 (2003). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

A creditor holding a foreign judgment from another state or any federal court may "domesticate that judgment in Idaho in two ways: by pursuing an action on the judgment, or by filing it in Idaho pursuant to the [Enforcement of Foreign Judgments Act]." *Grazer v. Jones*, 154 Idaho 58, 64, 294 P.3d 184, 190 (2013). Once a foreign judgment has been properly filed with a clerk of the district court, the judgment is treated in the same manner as a judgment originating from an Idaho state court. I.C. § 10-1302. From there, the foreign judgment may be executed

---

[1] Bach lists three issues for our review, including whether the district court had personal or subject matter jurisdiction. However, his brief focuses on whether venue was proper and does not provide argument or authority as to the other issues. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). We have run into the same situation that the Idaho Supreme Court faced in reviewing Bach's briefs in *Bach v. Bagley*, 148 Idaho 784, 229 P.3d 1146 (2010). As the Idaho Supreme Court discovered, "Because of Bach's convoluted briefing, it is not easy to follow his arguments or to discern how they might be legally supported." *Id.* at 791, 229 P.3d at 1153. Similarly, "The remainder of the issues, which we have not addressed, were so lacking in coherence, citations to the record, citations of applicable authority, or comprehensible argument that we simply will not consider them." *Id.*

2

upon, in accordance with Idaho's execution statutes, Idaho Code §§ 11-101 through 11-108. Moreover, the judgment creates a lien on all of the debtor's present or later acquired property in any county where the judgment has been recorded:

> [O]nce a foreign judgment has been domesticated by proper filing, a certified transcript or abstract thereof may be recorded in any Idaho county, I.C. § 10-1306A, thereby creating a lien on all of the debtor's real property, both presently owned and later acquired, located in the county of recordation, I.C. § 10-1110. This lien expires five years after the underlying judgment's entry. *Id.* However, the judgment lienor may file a motion to renew the judgment in "the court which entered the judgment" (i.e. the sister-state court or federal court), and then file and record the renewed judgment in Idaho. I.C. § 10-1111(1).

*Grazer*, 154 Idaho at 65, 294 P.3d at 191.

Relevant to this appeal is Idaho Code § 10-1302, which provides, "A copy of any foreign judgment certified in accordance with the act of congress or the statutes of this state may be filed in the office of the clerk of *any district court* of any county of this state." (Emphasis added.) The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.*

The plain language of section 10-1302 provides that a creditor holding a foreign judgment may file the foreign judgment in the clerk's office of any district court. Therefore, Sapient Trading properly filed the foreign judgment with the clerk of the district court in Bingham County. The venue statutes cited by Bach, Idaho Code §§ 5-401 and 5-404, are inapplicable to the filing of a foreign judgment in accordance with the Enforcement of Foreign Judgments Act (EFJA), Idaho Code §§ 10-1301 through 10-1308. The venue statutes and the accompanying rule of civil procedure, Idaho Rule of Civil Procedure 40(e), apply to *actions*. Actions are commenced by the filing of a complaint, petition, or application. I.R.C.P. 3(a)(1). The filing of a foreign judgment in accordance with section 10-1302 is not an action because "[a]n EFJA filing does not involve initiating a new case." *Grazer*, 154 Idaho at 67, 294 P.3d at 193. Thus, the venue requirements that apply to actions do not apply to EFJA filings.

3

Accordingly, the district court did not abuse its discretion by denying Bach's motion for a change of venue.

Sapient Trading argues that it is entitled to attorney fees on appeal, citing Idaho Code §§ 11-203(b) and 12-121. An award of attorney fees may be granted under Idaho Code § 12-121 and Idaho Appellate Rule 41 to the prevailing party, and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Moreover, Idaho Code § 12-121 "allows the award of attorney fees in a civil action if the appeal merely invites the Court to second guess the findings of the lower court." *Bach v. Bagley*, 148 Idaho 784, 797, 229 P.3d 1146, 1159 (2010). In this case, Bach has done nothing more than ask this Court to second guess the determination of the district court. He has provided no argument or authority on which reversal of the district court could be based. We are left with the abiding belief that the appeal has been brought frivolously, unreasonably, and without foundation. Accordingly, we award attorney fees on appeal to Sapient Trading under Idaho Code § 12-121. Additionally, because Sapient Trading is the prevailing party on appeal, it is entitled to costs. I.A.R. 40(a).

### III.
### CONCLUSION

We conclude that the district court did not abuse its discretion by denying Bach's motion for change of venue. The judgment of the district court denying Bach's claim of exemption is affirmed. We award attorney fees and costs to Sapient Trading on appeal.

Judge LANSING and Judge MELANSON **CONCUR.**

4