# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50465

| | |
|---|---|
| IDAHO STATE POLICE, by and through Colonel Kedrick R. Wills, Director, | ) ) ) |
| Plaintiff-Respondent, | ) ) ) |
| v. | ) ) ) |
| THACH VAN HUYNH, | ) ) |
| Real Party in Interest-Appellant, | ) ) |
| and | ) ) |
| PHUC TRAN, | ) ) |
| Real Party in Interest, | ) ) |
| and | ) ) |
| $20,182.00 IN UNITED STATES CURRENCY AND $7,364.00 IN UNITED STATES CURRENCY, | ) ) ) ) |
| Defendants. | ) ) |

**Filed: May 20, 2024**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Fremont County. Hon. Steven W. Boyce, District Judge.

Order denying motion to set aside default judgment, <u>affirmed</u>.

Browning Law; Allen H. Browning, Idaho Falls, for appellant.

Hon. Raúl R. Labrador, Attorney General; Cheryl Rambo, Deputy Attorney General, Meridian, for respondent.

_____

LORELLO, Judge

Thach Van Huynh appeals from the order denying his motion to set aside a default judgment. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Huynh was a passenger in a vehicle that was stopped for traffic violations. Upon making contact with the vehicle's occupants, officers observed that the occupants' eyes were bloodshot and the smell of marijuana was emanating from the vehicle. Huynh identified himself with a California driver's license.

A search of the vehicle uncovered 6.214 ounces of marijuana and 2.05 grams of cocaine, in close proximity to $20,182 that belonged to Huynh. The money was located in a sock within a grocery sack. An additional $7,364 was located in a money bag in the vehicle and belonged to the driver. Huynh was arrested and criminal charges were pursued by the Fremont County prosecutor's office.

In a separate civil case, the Idaho State Police (ISP) filed a complaint in rem pursuant to I.C. § 37-2744 seeking forfeiture of the currency found in the vehicle during the traffic stop. ISP sent the complaint and summons to the Orange County sheriff's office in California to be served on Huynh at the address listed on the driver's license he provided during the traffic stop. Service at that address was unsuccessful. As a result, the district court issued an order of publication in a newspaper of general circulation associated with Huynh's California address.

Ultimately, a default judgment was entered against Huynh on March 9, 2021. Seven months later, on October 5, 2021, counsel filed a notice of appearance on Huynh's behalf. Nearly six months after the notice of appearance, on March 28, 2022, Huynh moved to set aside the default judgment, citing I.R.C.P. 60(b)(1).[1] The basis for Huynh's Rule 60(b)(1) motion was that he "was not properly served." After a hearing, the district court orally denied the motion, finding the motion was untimely and that Huynh failed to demonstrate a meritorious defense.

One day after the district court denied Huynh's Rule 60(b)(1) motion to set aside the default judgment, Huynh filed an "amended" motion to set aside the default judgment, this time citing

---

[1]     Rule 60(b)(1) provides that a court may relieve a party from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. A motion filed pursuant to Rule 60(b)(1) must be filed no more than six months after the entry of judgment.

I.R.C.P. 60(b)(4). Huynh filed a memorandum in support of his motion more than one month later. Huynh's argument in support of his Rule 60(b)(4) motion was that the default judgment is void due to improper service. Huynh also argued the money forfeited belonged to his wife. The district court denied Huynh's Rule 60(b)(4) motion. Huynh appealed.

On appeal, counsel for Huynh, Allen H. Browning, requested oral argument. Thus, although counsel for ISP requested the case be submitted on the briefs, oral argument was scheduled for February 8, 2024, at 10:30 a.m. Browning signed the notice indicating he would present argument on that date and at that time. Browning failed to appear at the oral argument. As a result, the oral argument was vacated and the case was submitted on the briefs. This Court, however, requested supplemental briefing on the applicability of the Idaho Supreme Court's recent decision in *D.L. Evans v. Dean*, 173 Idaho 20, 538 P.3d 793 (2023), which was the subject of a notice of additional authorities filed by ISP on February 7, 2024.[2] In the same order, the Court, pursuant to I.A.R. 37(d) notified the parties of its intent to award attorney fees and costs to ISP as a sanction for Browning's failure to appear at oral argument.

In response to the Court's request for supplemental briefing, ISP filed a brief on March 11, 2024. Browning did not submit a supplemental brief.[3]

## II.

## STANDARD OF REVIEW

Generally, a trial court's denial of a motion to set aside a default judgment is reviewed under an abuse of discretion standard. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). However, where a default or default judgment is challenged as void under I.R.C.P. 60(b)(4), we

---

[2] In response to the Court's order, Browning filed a motion for oral argument, noting that the date for the February 8, 2024, argument "was missed and not calendared" because his "staff presumed" the notice of court assignment and notice of hearing to be "duplicates." Browning's motion further noted his intent to "address the distinction between his case and the D.L.Evans case" at oral argument. This Court denied Browning's motion to reset oral argument.

[3] Browning's response to ISP's memorandum in support of fees as a sanction for Browning's failure to appear at oral argument includes argument regarding *D.L. Evans*. This does not satisfy the supplemental briefing requirement set forth in the Court's order vacating oral argument and will not be considered.

3

conduct a de novo review. *McClure Eng'g, Inc. v. Channel 5 KIDA*, 143 Idaho 950, 953, 155 P.3d 1189, 1192 (Ct. App. 2006).

**III.**

**ANALYSIS**

Huynh contends the district court erred in denying his Rule 60(b)(4) motion to set aside the default judgment. Huynh argues the default judgment should be set aside because, he claims, the default judgment is void and the district erred in finding his motion to set it aside was untimely. ISP responds that the district court did not err in denying Huynh's motion because his motion was untimely and he failed to provide sufficient factual detail to support a meritorious defense. We hold that, although Huynh's motion was timely, he has failed to show the default judgment was void such that he was entitled to have it set aside.

**A.     Rule 60(b)(4) Motion to Set Aside Default Judgment**

A court may relieve a party from a default judgment if the judgment is void. I.R.C.P. 60(b)(4). In *D.L. Evans*, the Idaho Supreme Court held that "a Rule 60(b)(4) motion can be brought at any time, including as a collateral attack on a void judgment in an action on that judgment." *D.L. Evans*, 173 Idaho at 29, 538 P.3d at 802. As such, Huynh's motion to set aside the default judgment as void was timely regardless of the date it was filed. We, therefore, consider the merits of Huynh's assertion that the default judgment should be set aside based on his allegation that he was not properly served.

A default judgment is void if the party against whom the default was entered was not served with process or was improperly served with process. *Thiel v. Stradley*, 118 Idaho 86, 87, 794 P.2d 1142, 1143 (1990). Huynh argues that he was improperly served with process because the address at which service was attempted was not his last known address nor was it the most likely to give him notice. Huynh further argues that the "State" failed to perform its due diligence because the "State" treated the address from his California driver's license as sufficient even though he had informed the "State" of his North Dakota address. Further, Huynh contends that the "State knew that [he] lived in North Dakota since day one. The Court sent [Huynh] a hearing notice at [his] North Dakota address. When the State sent [Huynh] the hearing notice, it proved beyond shadow of a doubt the State knew the correct address."

4

As a preliminary matter, we note that Huynh confuses the parties to the forfeiture action with the parties to his criminal case. The prosecuting agency referred to as the "State" is not the plaintiff-respondent in this case. The plaintiff-respondent in this case is ISP. Huynh's arguments regarding the lack of service are based on his failure to distinguish between the State and ISP. For example, Huynh notes that, in his criminal case, he included his North Dakota address on his bail bond paperwork and he received information from the court in the criminal case at his North Dakota address. That Huynh provided his actual address to the bail bondsman and the court in the context of his criminal case does not show ISP failed to properly serve him in the separate forfeiture action. Huynh has cited no authority to support a conclusion that, because one agency knows his address, so too must another agency. Thus, to the extent Huynh's argument regarding proper service relies on information he provided to the "State" or others involved in the context of his criminal case, rather than to ISP, his argument fails.

Regarding ISP's efforts to serve Huynh in California, Huynh complains that, at the time of his arrest, he "never said he lived in California." Regardless of what Huynh did or did not say at the time of arrest, as found by the district court, his "address for service came from his California driver's license, which he provided at the time of the arrest." Huynh cites no authority to support a claim that ISP could not rely on that address for service of process. Moreover, as noted, Huynh's complaints regarding service rely on information he provided to others in a separate case not in ISP's forfeiture case.

The record reveals ISP's efforts to serve Huynh in the forfeiture case. A legal assistant with ISP submitted an affidavit explaining that, pursuant to I.R.C.P. 4(c), she "sent an instruction letter, two copies of [the] summons and one copy of [the] verified complaint to the State of California, Orange County Sheriff Civil Process Division for service" on Huynh "at the address he provided to ISP as shown on his current driver's license." The ISP legal assistant further averred that, after receiving information from the tenant residing at the address on Huynh's driver's license indicating Huynh "moved out over a year ago and left no forwarding address with the tenant," the legal assistant took steps to serve Huynh by publication. Specifically, the ISP legal assistant filed a motion to serve by publication, which the district court granted. Thereafter, Huynh was served by publication "in a newspaper of general circulation, Fullerton News Tribune," for "four consecutive weeks." In addition, the ISP legal assistant mailed a copy of the summons and verified complaint

to Huynh's last known address; those documents were never returned as undeliverable. After ISP's service efforts were complete, ISP pursued a default judgment on its forfeiture claim, which was granted.

Other than claiming that ISP should have known he no longer lived in California, Huynh has identified no error in the manner in which ISP tried to serve Huynh in person, by mail, or by publication. As such, Huynh has failed to meet his burden of showing the default judgment is void.

## B.      Attorney Fees on Appeal

In the conclusion section of his opening brief, Huynh requested attorney fees pursuant to I.A.R. 41 because ISP "refus[ed] to admit the obvious." The Idaho Supreme Court has repeatedly held that only citing I.A.R. 41 in support of a request for an attorney fee award, without citing a statutory or contractual basis for the award, is insufficient. *Sallaz v. Rice*, 161 Idaho 223, 230, 384 P.3d 987, 994 (2016). Regardless, because Huynh is not the prevailing party, he is not entitled to attorney fees on appeal.

ISP also requests attorney fees on appeal, citing I.A.R. 41 and I.C. § 12-121 in support of its request. Such an award is appropriate when the Court finds that the case has been brought or defended frivolously, unreasonably, or without foundation. *Excel Leasing Co. v. Christensen*, 115 Idaho 708, 712, 769 P.2d 585, 589 (Ct. App. 1989). An appeal is without foundation where the appellant fails to present any significant issue on appeal regarding a question of law, no findings of fact made by the trial court are clearly or arguably unsupported by substantial evidence, the appellate court is not asked to establish any new legal standards or modify existing ones, and the focus of the case is on the application of settled law to the facts. *Nunez v. Johnson*, 163 Idaho 692, 698, 417 P.3d 1018, 1024 (Ct. App. 2018). That standard for an award of attorney fees is satisfied in this case. Accordingly, ISP is awarded attorney fees on appeal.

**IV.**

**CONCLUSION**

Huynh has failed to show the district court abused its discretion in denying his motion to set aside the default judgment on the basis that the judgment is void. Accordingly, we affirm the district court's order denying Huynh's Rule 60(b)(4) motion to set aside the default judgment. Costs and attorney fees are awarded to ISP.

Chief Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.